# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Alejandro Cardenas-Leal,<br><br>Petitioner,<br><br>v.<br><br>Enrique Lucero, et al.,<br><br>Respondents. | No. CV 17-00914-PHX-ROS (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Daniel Alejandro Cardenas-Leal has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) On October 21, 2014, Petitioner was removed from the United States. On July 15, 2015, Petitioner applied for admission to the United States. Two bond hearings were held in 2016, and Petitioner was detained as a flight risk. Petitioner filed this Petition, and subsequently a third bond hearing was held resulting in Petitioner's continued detention. However, on July 28, 2017, Petitioner was released from custody and removed from the United States. (Doc. 15.) Therefore, the Petition is now moot.

## I.     Procedural History

### A.     Factual and Procedural Background[1]

---

[1] The factual and procedural history is quoted directly from the Court's order in Doc. 4.

Petitioner is a native and citizen of Mexico who first entered the United States at the age of six, lawfully using a border crossing card that he continued to use for many years. In 1999, Petitioner lawfully entered the United States, but then began residing in the United States. In 2004, Petitioner attempted to enter the United States using his border crossing card, but was refused entry because he admitted that he had violated the terms of the entry card. Petitioner states he was allowed to withdraw his application for admission in lieu of removal. (Doc. 1 at 4.)

Petitioner entered the United States unlawfully in 2006, was placed into immigration proceedings, was released from custody, and subsequently "accepted preconclusion voluntary departure from an immigration judge in Tucson." (*Id.*) Petitioner states he complied with the terms of his voluntary departure and returned to Mexico in December 2007. Petitioner states that he again entered the United States unlawfully in 2009, 2013, and 2014, and received two voluntary returns and two expedited removals. Petitioner alleges some of these entries resulted from persecution and torture in Mexico. (*Id.*)

Petitioner states that he, his United States citizen wife, and his children attempted to settle in Mexico, but Petitioner was threatened, beaten, and tortured by drug traffickers. Petitioner's family returned to the United States, and Petitioner attempted to re-enter the United States. Petitioner contends that he expressed fear, but his statements were ignored by immigration officials and he was removed to Mexico. On July 15, 2015, Petitioner presented himself at the Nogales, Arizona point of entry and requested asylum protection. Petitioner was detained pursuant to 8 U.S.C. § 1225(b). (*Id.* at 4-5.)

After six months in custody, Petition requested a bond hearing pursuant to *Rodriguez v. Robbins (Rodriguez II),* 715, F.3d 1127 (9th Cir. 2013). On February 9, 2016, the Immigration Judge (IJ) held a bond hearing that Petitioner alleges lasted 134 seconds (two minutes, fourteen seconds) total. Petitioner contends the Department of Homeland Security presented no argument regarding whether Petitioner was a danger or a flight risk, but that, nevertheless, the IJ summarily found Petitioner to be a flight risk

and denied his request for bond. Petitioner appealed the decision to the Board of Immigration Appeals (BIA), which denied the appeal. (*Id.* at 5-6.)

Petitioner requested and received a second hearing on September 7, 2016, after which the IJ again denied his request for release on bond. (*Id.* at 7.) On October 14, 2016, the IJ held an additional bond hearing during which Petitioner "expressed his confusion to the IJ and explained he had not requested this continued hearing." (*Id.* at 8.) The IJ issued an order denying bond and stating that "no action has been requested by the Respondent." (*Id.*) Petitioner filed an appeal of the denial of bond with the BIA, which is still pending.

Petitioner states that his case for asylum, withholding of removal, and relief under the Convention Against Torture is ongoing. On October 14, 2016, the IJ "denied his applications for relief" and Petitioner timely appealed. The BIA dismissed his appeal on March 16, 2017. (*Id.*)

**B.    Habeas Petition**

On March 27, 2017, Petitioner filed the Petition for Writ of Habeas Corpus. (Doc. 1.)

"Petitioner contends: (1) he was denied procedural due process because the IJ failed to place the burden of proof on the government during his bond hearings; (2) he was denied due process because the IJ failed to fully develop the record on all of the relevant *Guerra*[2] factors and failed to act as a neutral fact-finder; (3) Petitioner's substantive due-process rights were denied because the IJ's decision on flight risk was based on erroneous factual findings; and (4) Petitioner's February 2016 bond hearing violated substantive due process because the IJ failed to consider conditions short of detention." (Doc. 4 at 3-4.)

On May 24, 2017, Respondents filed a Response. (Doc. 13.) Respondents argued that Petitioner was brought before an IJ on April 20, 2017, who conducted an additional bond hearing in Petitioner's case. (Doc. 13 at 5.) The IJ found "Respondent is an extreme

---

[2] *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006).

flight risk." (Doc. 13-2, Ex. 32, at 6.) Respondents argued the "bond decision which had denied bond as of the time of the habeas petition is no longer in effect" and that the Court also lacks jurisdiction to review discretionary decisions regarding bond. (Doc. 13 at 5.)

Petitioner did not file a Reply.

### C. Application for Preliminary Injunction

On March 27, 2017, Petitioner filed, with the Petition, an "Application for Preliminary Injunction and Request for Expedited Hearing" (Doc. 2). Petitioner sought an order "to enjoin his further detention by Respondents pending final resolution of his simultaneously filed Petition for Writ of Habeas Corpus." (*Id*. at 1.) Petitioner requested an injunction "releasing Mr. Cardenas-Leal on a reasonable bond with appropriate conditions." (*Id*. at 3.)

On May 24, 2017, Respondents file a Response. (Doc. 14.)

Petitioner did not file a Reply.

### D. Petitioner's Removal

On July 31, 2017, Respondents filed a Notice of Removal of Petitioner, which submitted competent evidence showing that, on July 28, 2017, DHS officials caused Petitioner to be removed from the United States to Mexico pursuant to his final order of removal. (Doc. 15-1 at 2-3.)

## II. The Petition is Moot.

The Court may grant a writ of habeas corpus to a detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). 8 U.S.C. § 1231 governs the detention of aliens whose order of removal is administratively final. "The case or controversy requirement of Article III admonishes federal courts to avoid premature adjudication and to abstain from entangling themselves in abstract disagreements." *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1208 (10th Cir. 1999) (internal quotation marks and citations omitted). The Court must dismiss a case as moot if, at any point, it becomes certain either that "'the allegedly wrongful behavior could not reasonably be expected to recur,'" *Friends of the Earth Inc. v. Laidlaw*

*Environmental Assoc. (TOC), Inc.*, 528 U.S. 167 (2000) (citation omitted), or that there is no effective relief remaining for the Court to provide. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996). The case-or-controversy requirement warrants a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the Court is unable to provide the petitioner with the relief sought. *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997). The Court does not have subject-matter jurisdiction to consider a habeas claim that is moot. *See*, *e.g.*, *McCullough v. Graber*, 726 F.3d 1057, 1060 (9th Cir. 2013).

Here, Petitioner sought release from detention, but he is no longer detained. Petitioner's case is rendered moot because there is no case or controversy. *See Spencer v. Kemna*, 523 U.S. 1 (1998) ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."); *Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (discussing and collecting cases wherein a petitioner's release from detention or parole or their removal rendered a habeas petition moot); *Mensah-Yawson v. Lowe*, No. 3:16-cv-200, 2016 WL 3704878, *1 (M.D. Pa. July 12, 2016) ("[T]he habeas petition challenges petitioner's continued detention pending removal. Because petitioner has since been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. Accordingly, the instant habeas corpus petition will be dismissed as moot.").

### III. CONCLUSION

Petitioner seeks release from confinement. Because Petitioner is no longer in custody and has been removed from the United States, his Petition is moot.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (doc. 1) be

**DENIED** and **DISMISSED WITH PREJUDICE**.[3]

**IT IS RECOMMENDED** that the Motion for Preliminary Injunction (doc. 2) be **DENIED** and **DISMISSED WITH PREJUDICE.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Under Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Under Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 7th day of September, 2017.

Honorable John Z. Boyle
United States Magistrate Judge

---

[3] The Petition should be dismissed with prejudice. *See Abdala,* 488 F.3d at 1065 ("Abdala's attempt to amend his habeas petition after his deportation could not revive his petition. He sought to file an amended petition ... after he was released from custody and deported to Somalia. As Abdala was no longer 'in custody' within the meaning of [the habeas statute] when he attempted to amend his petition, his petition was moot and there was nothing to amend."); *Noyola v. DHS*, No. SA CV 15-00544-JCG, 2015 WL 3644006 (C.D. Cal. June 8, 2015) ("Petitioner's removal renders the instant Amended Petition moot. … Hence, the Amended Petition does not present a live controversy and must be dismissed with prejudice ...").

- 6 -